LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
103 Cooper Street
Babylon, New York 11702
Tel. (631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA MORALES, DAURY DIAZ and
RUDDY FERNANDEZ, on behalf of themselves and
all other similarly situated persons,

                              Plaintiffs,                         **COMPLAINT**

    -against-
WOODHAVEN A.H., LLC d/b/a WOODHAVEN
CENTER OF CARE, CH CONSULTING LLC, and
LAURINE HUGHES,

                              Defendants.
------------------------------------------------------------------X

Plaintiffs, MARIA MORALES, DAURY DIAZ and RUDDY FERNANDEZ, by and through their attorneys, on behalf of themselves and all others similarly situated, allege as follows:

## INTRODUCTION

1. The Defendants, WOODHAVEN ADULT HOME, LLC d/b/a WOODHAVEN CENTER OF CARE, CH CONSULTING LLC, and LAURINE HUGHES (collectively "Defendants"), attempted to circumvent their obligations to pay overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA") and New York State Labor, § 650 et seq. and 12 NYCRR § 142-2.2 ("NYLL"), by using a double-book system and issuing Plaintiffs paychecks from two different companies when Plaintiffs worked double shifts.

## NATURE OF THE ACTION

2.      Plaintiffs bring this action, on behalf of themselves and other employees similarly situated, against Defendants to remedy violations of the FLSA.  Plaintiffs seek, for themselves and similarly situated employees, unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

3.      Plaintiffs also bring this action, on behalf of themselves, to remedy violations of the NYLL.  Plaintiffs seek unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees, and all other appropriate legal and equitable relief pursuant to NYLL.

## JURISDICTION AND VENUE

4.      Jurisdiction of the Court over Plaintiffs' FLSA claims is invoked pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

5.      Jurisdiction of the Court over Plaintiffs' NYLL claims is invoked under 28 U.S.C. §1367.

6.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

7.      Defendants do business within the Eastern District of New York and maintain a place of business at 1360 Route 112, Port Jefferson Station, New York 11776.

## PARTIES

8.      Plaintiff Maria Morales ("Plaintiff Morales") resides in the County of Suffolk, State of New York.

9.      At all relevant times, Plaintiff Morales was employed by Defendants as a personal care assistant ("PCA"), from in or about 2009 through November 2016.

10. Plaintiff Daury Diaz ("Plaintiff Diaz") resides in the County of Suffolk, State of New York.

11. At all relevant times, Plaintiff Diaz was employed by Defendants as a personal care assistant ("PCA"), from in or about April 2013 through August 2016.

12. Plaintiff Ruddy Fernandez ("Plaintiff Fernandez") resides in the State of New Jersey.

13. At all relevant times, Plaintiff Fernandez was employed by Defendants as a personal care assistant ("PCA"), from in or about October 2013 through September 2016.

14. Defendant Woodhaven A.H., LLC ("Woodhaven Adult Home") is a domestic limited liability company doing business as Woodhaven Center of Care.

15. Defendant Woodhaven Adult Home operates a skilled nursing facility and an assisted living facility at 1360 Route 112, Port Jefferson Station, New York 11776.

16. Defendant CH Consulting LLC is a domestic limited liability company organized and existing pursuant to the laws of the State of New York.

17. At all relevant times, Defendant Laurine Hughes ("Hughes") is and was the Administrator of Woodhaven Adult Home.

18. The Defendant Hughes has authority to make payroll and personnel decisions for the Woodhaven Adult Home.

19. The Defendant Hughes is active in the day to day management of the Woodhaven Adult Home, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

20. As a result of her position as Administrator of the Woodhaven Adult Home, Defendant Hughes is liable to Plaintiffs as an "employer" within the meaning of federal and state law for the unpaid wages Plaintiffs seeks to recover.

21. Defendant Woodhaven Adult Home has annual gross incomes in excess of $500,000.00.

22. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

## FACTUAL ALLEGATIONS

23. To care for its nursing home patients/residents, Woodhaven Adult Home employs many PCAs, including Plaintiffs and each of the FLSA Collective Plaintiffs.

24. The PCAs were entitled to be paid overtime for hours worked over 40 hours in a workweek.

25. Plaintiff Morales regularly worked double 8-hour shifts Tuesday through Saturday.

26. Most workdays, Plaintiff Morales worked from 6:00 am to 2:00 pm. and from 2:00 pm to 10:00 pm.

27. To circumvent their obligations to pay overtime, Defendants required Plaintiff Morales hours to record the hours she worked during the 6:00 am to 2:00 pm shift in the "Housekeeping book" and the hours she during the 2:00 pm to 10:00 pm shift were recorded in the "PCA book."

28. To circumvent their obligations to pay overtimes, Defendants issued two separate paychecks to Morales and paid Plaintiff Morales at her regular hourly rate for all hours worked.

29. For example, during the period May 4, 2016 to May 17, 2016, Plaintiff worked a total of 135 hours, for which Defendants paid Plaintiff Morales 67.5 hours at the rate of $13.58 per hour with a check drawn against an account held by Defendant Woodhaven Adult Home and 67.5 hours at the rate of $13.37 per hour with a check drawn against an account held by Defendant CH Consulting LLC.

30. Plaintiff Morales worked over 40 hours per week in most workweeks during her employment with Defendants but was not paid overtime at the rate of one and one-half times her regular hourly rate of pay.

31. Plaintiff Diaz regularly worked double 8-hour shifts, from 7:00 am to 3:00 pm and from 3:00 pm to 11:00 pm.

32. To circumvent their obligations to pay overtime, Defendants required Plaintiff Diaz to record the hours he worked during the 7:00 am to 3:00 pm shift in the "Housekeeping book" and the hours he during the 3:00 pm to 11:00 pm shift in the "PCA book."

33. To circumvent their obligations to pay overtimes, Defendants issued two separate paychecks to Diaz and paid Plaintiff Diaz at his regular hourly rate for all hours worked.

34. For example, during the period February 24, 2016 to March 8, 2016, Plaintiff Diaz worked a total of 120 hours, for which Defendants paid him 75 hours at the rate of $13.58 per hour with a check drawn against an account held by Defendant Woodhaven Adult Home and 45 hours at the rate of $13.58 per hour with a check drawn against an account held by Defendant CH Consulting LLC.

35. Plaintiff Diaz worked over 40 hours per week in most workweeks during his employment with Defendants but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay.

36. Plaintiff Fernandez regularly worked double 8-hour shifts, from 3:00 pm to 11:00 pm and from 11:00 pm to 7:00 am.

37. To circumvent their obligations to pay overtime, Defendants required Plaintiff Fernandez to record the hours he worked in two different books.

38. To circumvent their obligations to pay overtimes, Defendants issued two separate paychecks to Plaintiff Fernandez and paid him at his regular hourly rate for all hours worked.

39. Plaintiff Fernandez worked over 40 hours per week in most workweeks during his employment with Defendants but was not paid overtime at the rate of one and one-half times his regular hourly rate of pay.

40. As a result of the foregoing, Defendants failed to pay Plaintiffs and the FLSA Collective at the required overtime rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty hours per week.

41. Defendants failure to pay Plaintiffs and the FLSA Collective at the required overtime rate was willful.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

43. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named

Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in in bringing this action.

44. Plaintiffs seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees:

> All persons who are currently, or have been employed by the Defendants as PCAs at any time during the three (3) years prior to the filing of their respective consent forms.

45. Other PCAs currently or formerly employed by Defendants should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

46. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## FIRST CLAIM FOR RELIEF
## (FAIR LABOR STANDARDS ACT)

47. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

48. Defendants employed Plaintiffs and persons similarly situated to Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the

time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the FLSA.

49. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

50. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

51. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## (NEW YORK LABOR LAW)

52. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

53. Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate in violation of the NYLL.

54. By Defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated the NYLL Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

55. Defendants' violations of the NYLL, as described in this Complaint have been willful and intentional.

56. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

(i)  Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii)  Unpaid overtime pay pursuant to New York Labor Law, Article 19, §§650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv)  Reasonable attorneys' fees and costs incurred in prosecuting these claims; and

(vi)  Such other relief as this Court deems just and proper.

Dated: Babylon, New York
February 2, 2017

LAW OFFICE OF PETER A. ROMERO PLLC

By: _____
Peter A. Romero, Esq.
103 Cooper Street
Babylon, NY 11702
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiffs*

## **CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Woodhaven Adult Home, LLC, CH Consulting LLC to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_Maria Morales_ (signature)   1/28/17
Maria Morales                  Date

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Woodhaven Adult Home, LLC, CH Consulting LLC to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This document has been read to me in my native language of Spanish.

_____      _____1/28/17_____
Daury Diaz                                             Date